# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

SHIRELY DIONE WEBSTER,  )
DWAYNE MARVIN GARRETT,  )
JENNIFER LEANN MCCORMICK, and )
PAUL LEROY WICKHAM,  )
  )
      Plaintiffs,  )
  )
v.  )   Case No. 20-CV-0283-CVE-FHM
  )
WILLIAM BARR,  )
GREGORY FRIZZELL,  )
JIM FELTE,  )
TIMOTHY TYMKOVICH,  )
BARBARA LYNN,  )
IRMA CARRILLO RAMIREZ,  )
MARY FALLON,  )
ELIZABETH SCHUMAKER,  )
MICHAEL GANS,  )
SCOTT S. HARRIS,  )
JACOB LEVITAN, and  )
REDMOND K. BARNES,  )
  )
      Defendants.  )

## OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss and Brief in Support (Dkt. # 6), and plaintiffs' Motion for Default Judgment under Rule 55 (Dkt. # 8).[1] Defendants argue that plaintiffs' claims against many of the defendants are barred by absolute judicial immunity, and all of the claims should be dismissed for failure to state a claim upon which relief can be granted. Plaintiffs have

---

[1] The motion for default judgment in its entirety states "[t]hey are not working under the color of law to prosecute out of jurisdiction by filing false warrants and violating our constitutional rights under 42 usc. [sic] 1983. Out of bondage." Dkt. # 8. Plaintiffs' motion is nonsensical and the defendants have clearly responded to the petition by filing a motion under Fed. R. Civ. P. 12(b). Plaintiffs' motion for default judgment (Dkt. # 8) is denied.

filed a response to the motion to dismiss, but they do not address the arguments raised by defendants. Instead, plaintiffs argue that certain individuals who are not named as defendants stole money, firearms, cattle, and real property from them, and plaintiffs seek $2 billion in damages for alleged violations of their constitutional rights. Dkt. # 10.

On May 18, 2020, plaintiffs filed this case in Tulsa County District Court and the petition (Dkt. # 3-2) is a rambling and incoherent document primarily complaining about an improper form of judgment used in prior cases filed by certain defendants and other parties identified as "informants." Plaintiffs allege that defendants Jacob Levitan and Scott S. Harris committed bank fraud and stole millions of dollars of property, but plaintiffs make no specific factual allegations concerning these actions or if plaintiffs were harmed by defendants' conduct. Dkt. # 3-2, at 1-3. The petition in its body lists the court clerks of each of the federal circuit courts of appeal and alleges that the court clerks have used an improper form of judgment millions of times dating back to 1977. Id. at 3-5. Finally, the petition accuses each of the named defendants of treason and lists the estimated deaths of United States servicemen in World War I, World War II, the Korean War, and the Vietnam War. Id. at 5-6. It appears that the alleged basis for liability against the defendants, except for William Barr and Mary Fallon,[2] concerns their handling of plaintiffs' prior litigation in their role as a judge or merely because the particular defendant was employed by the federal judiciary in some capacity. There are no factual allegations explaining how Barr's or Fallon's conduct relates to the use of the allegedly improper form of judgment. The case was removed to federal court by defendants under 28 U.S.C. § 1442, and defendants filed a motion to dismiss.

---

[2] William Barr is the Attorney General of the United States and Mary Fallon is the former governor of Oklahoma.

The Court notes that plaintiffs Shirley Dione Webster and Dwayne Marvin Garrett are subject to filing restrictions in the Northern District of Oklahoma, and neither of these plaintiffs is permitted to appear in this Court unless they are represented by an attorney or unless they have received prior authorization from the Court to enter a pro se appearance. Dkt. # 6-1; Dkt. # 6-2. Other federal courts have also imposed filing restrictions on Garrett and Webster. Garrett v. United States, 2019 WL 6533099 (N.D. Tex. Nov. 26, 2019) (describing Garrett's claims as "abusive" and imposing filing restrictions); Webster v. Shumaker, 2019 WL 3003524 (E.D. Tex. May 3, 2019) (imposing filing restrictions against Webster and Garrett and warning McCormick and Wickham that filing restrictions would be imposed if they continued to file frivolous cases); Garrett v. Oklahoma, 2018 WL 10321872 (W.D. Ark. Oct. 10, 2018) (describing Garrett's lawsuits as a waste of the court's time and resources and imposing filing restrictions); Garrett v. Seymour, 217 F. App'x 835 (10th Cir. Feb. 23, 2007) (Tenth Circuit upheld filing restrictions imposed against Garrett by the Eastern District of Oklahoma and imposed its own filing restrictions due to Garrett's many frivolous appeals). The Oklahoma Supreme Court has sanctioned Garrett and Webster for filing a frivolous appeal. Lotus Inv. Fund I, LLC v. Shirley Dionne Garrett and Dwayne M. Garrett, Appeal No. 115,012 (Okla. Oct. 9, 2017). Filing restrictions have been sought against McCormick and Wickham in another case. Jennifer Leann McCormick et al. v. William Barr et al., 20-CV-24-JED-JFJ, Dkt. # 12 (N.D. Okla. Apr. 14, 2020). In this case, the Court could invoke the filing restrictions against Webster and Garrett. However, the case was removed to this Court and the Court would

have to consider the motion to dismiss as to McCormick and Wickham, and the Court will not invoke the filing restrictions against Webster and Garrett as a basis for dismissal.[3]

A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

---

[3] Although the Court has not invoked the filing restrictions, this does not detract from the frivolous and abusive nature of this litigation and, as is explained below, the case is subject to dismissal for other reasons. Defendants have not sought filing restrictions against McCormick and Wickham in this case, but they may reference this case in support of their request for filing restrictions against these parties.

The Court has reviewed plaintiffs' petition and finds that the case should be dismissed. Although plaintiffs are proceeding pro se, the liberal standard applicable to pro se filings does not permit the filing of frivolous or abusive litigation. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005). The Court has applied a liberal standard of review to plaintiffs' petition and cannot discern a colorable claim against any of the named defendants. Defendants Gregory Frizzell, Timothy Tymkovich, Barbara Lynn, and Irma Carillo Ramirez are federal judges who have apparently had prior involvement with one of plaintiff's many prior lawsuits, and they have absolute immunity for claims asserted against them for acts taken in their judicial capacity. Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000) ("Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction). Defendants Elizabeth Shumaker, Michael Gans, Scott S. Harris, Jacob Levitan, and Redmond K. Barnes are employed by the federal judiciary, and they have quasi-judicial immunity when "their duties had an integral relationship with the judicial process." Id. Even if these defendants were not immune from suit, plaintiffs wholly fail to make any allegations explaining how the use of an improper form of judgment would give rise to a civil claim under federal law. Plaintiffs make no factual allegations concerning Barr's or Fallon's conduct allegedly giving rise to any claim against them, and they should also be dismissed as parties. The Court finds that the case should be dismissed in its entirety, because all except two of the defendants have judicial or quasi-judicial immunity from suit and plaintiffs have failed to state a claim against any of the defendants.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Brief in Support (Dkt. # 6) is **granted**, and plaintiffs' claims are **dismissed**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Default Judgment under Rule 55 (Dkt. # 8) is **denied**.

**DATED** this 2nd day of October, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE